COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


EVANS DANDRIDGE POINDEXTER, JR.
                                        MEMORANDUM OPINION*
v.    Record No. 1974-00-1                  PER CURIAM
                                         JANUARY 23, 2001
KATHERINE MOORE JOLLIFF, F/K/A
 KATHERINE MOORE JOLLIFF POINDEXTER


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      Thomas S. Shadrick, Judge

               (Charles L. Bashara; Bashara & Hubbard, on
               briefs), for appellant.

               (Barry Kantor; Grady Aston Palmer III;
               Christie & Kantor, PC, on brief), for
               appellee.


     Evans Dandridge Poindexter, Jr., appellant, appeals a

decision of the trial court finding that he was not entitled to

reimbursement for payments he made on a second mortgage.  On

appeal, appellant argues the trial court erred in holding that the

payments constituted a voluntary inter vivos gift.  Upon reviewing

the record and briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the decision

of the trial court.  Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

The parties were divorced in 1994. During the marriage, the parties jointly owned property located in North Carolina. As part of the property settlement agreement, appellant transferred his right, title and interest in the property to Katherine Moore Jolliff, appellee. Appellee agreed to assume responsibility for all mortgage payments on the property. In the property settlement agreement, appellant also agreed to pay appellee one-half of the value of his Individual Retirement Account (IRA).

Unbeknownst to appellee, in 1990, appellant obtained a second mortgage on the North Carolina property, prior to the parties' divorce. Appellant acknowledged that he signed the documents for the second mortgage knowing that the documents stated he was "unmarried." Appellee first learned about the second mortgage after the parties had signed the property settlement agreement. The record further indicates that once appellee learned of the existence of the second mortgage, her attorney and appellant's attorney reached an agreement whereby appellant would be responsible for paying the loan.

Appellant admitted that he used $19,000 of the proceeds from the second mortgage to buy into a partnership and that he borrowed additional funds against the line of credit on at least one other occasion. Appellant made payments on the second mortgage for a period of time. However, he stopped making the payments at a point where he contended he had paid an amount roughly equal to

-

the amount he owed appellee for one-half of the value of his IRA account.  Appellant had not otherwise paid appellee for her share of the IRA account.

Appellee filed a motion to compel appellant to pay the second mortgage.  She also filed and received a show cause order requiring appellant to show cause why he had not complied with the property settlement agreement by failing to pay her one-half of the value of the IRA account.  Appellant filed and received a show cause order demanding that appellee make the second mortgage payments, arguing that appellee was responsible for all mortgage payments pursuant to the property settlement agreement.  He also sought reimbursement for the payments he had already made toward the second mortgage.

The trial court ruled that appellant made the second mortgage payments voluntarily, and it denied his motion for reimbursement.

INTER VIVOS GIFT

On appeal, appellant argues the trial court erred in ruling that his payments on the second mortgage were an inter vivos gift. However, the trial court's order does not state that it found the payments constituted an inter vivos gift.  Rather, the order states that appellant, "is not entitled to any reimbursement for monies paid on the second mortgage (equity line of credit) as these payments were made voluntarily; and his Motion for reimbursement is hereby denied."  Furthermore, the record does not indicate that appellant made the argument to the trial court that

-

it erred in ruling that the prior payments constituted an <u>inter vivos</u> gift.

The record on appeal includes an order entered on July 21, 2000, specifying the trial court's findings and rulings. Appellant endorsed the order "SEEN AND OBJECTED TO." The record also contains several versions of a written statement of facts that were not signed by the trial judge. The trial judge signed appellee's "Objections to the Written Statement of Facts." <u>See</u> Rule 5A:8(d). Neither the order nor the written statement of facts contains a statement of appellant's specific objections.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

DURESS

Pursuant to the property settlement agreement, appellee was responsible for all mortgage payments on the North Carolina property. In his show cause order and in his brief on appeal, appellant contended that he made payments on the second mortgage in order to protect his credit rating when appellee refused to repay the second mortgage. In his brief, appellant characterizes this as payment made under duress.

-

Common-law "duress" includes "'any wrongful acts that compel a person, such as a grantor of a deed, to manifest apparent assent to a transaction without volition or cause such fear as to preclude him from exercising free will and judgment in entering into a transaction.'" Norfolk Div. of Soc. Servs. v. Unknown Father, 2 Va. App. 420, 435, 345 S.E.2d 533, 541 (1986) (citation omitted).

The evidence showed that, prior to the parties' divorce, appellant obtained the second mortgage without the knowledge of appellee. Appellant also used the monies obtained from the second mortgage as his own source of funds, without the knowledge of appellee. Therefore, the record does not support appellant's contention that he acted under duress when he made payments on this loan, the proceeds of which were used entirely for his own personal benefit. Accordingly, the trial court did not err in ruling that appellant continue to pay the second mortgage payments and in ruling that appellant not be reimbursed for past payments he made on the loan.

## UNJUST ENRICHMENT

In his show cause order and in his brief on appeal, appellant further alleged that his payments toward the second mortgage resulted in the unjust enrichment of appellee. Unjust enrichment is defined as, "[t]he retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected."

-

_Black's Law Dictionary_ 1536 (7th ed. 1999).  Appellee received no benefit from appellant's conduct of secretly obtaining a second mortgage against their jointly owned property, using the proceeds from that loan for his own personal benefit, and then making payments on that loan.  Therefore, appellant's argument is without merit.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.